IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| KAY RINEHART STAHL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 5:21-CV-00022-RWS-JBB<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

This action was initiated by Plaintiff Kay Rinehart Stahl pursuant to the Social Security Act, Section 405(g), for judicial review of the Commissioner's denial of Plaintiff's application for Social Security Benefits. Docket No. 1. The action was referred to United States Magistrate Judge pursuant to 28 U.S.C. § 636. Docket No. 3.

The August 16, 2022 Report and Recommendation of the United States Magistrate Judge (Docket No. 20), which contains the proposed findings of fact and recommendations for the disposition of this action, along with Plaintiff's Objections to the Proposed Findings and Recommendations by the United States Magistrate Judge (Docket No. 23) have both been presented for consideration. The Court has conducted a *de novo* review of the Magistrate Judge's report and Plaintiff's objections, and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's recommendation (Docket No. 20) and **OVERRULES** Plaintiff's objections (Docket No. 23).

I.      BACKGROUND

On March 18, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits.  Docket No. 14-2 at 10.  On October 20, 2020, the Administrative Law Judge ("ALJ") issued a decision, finding that Plaintiff was not disabled.  Docket No. 14-2 at 11–31.  Therein, the ALJ found Plaintiff had not engaged in substantial gainful activity from the date of alleged onset and had the following severe impairments: osteoarthritis, carpal tunnel syndrome, panic disorder, depressive disorder and obsessive-compulsive disorder.  *Id*.  The ALJ further determined that Plaintiff did not have one of the impairments identified in 20 CFR Part 404, Subpart P, Appendix I.  *Id.* at 14–16.

While the ALJ determined that Plaintiff was not able to perform any of her past work, the ALJ found Plaintiff had the residual functional capacity to perform medium work with limitations.  *Id.* at 17, 29.  Considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (dietary aide, dishwasher and cook helper) and, therefore, is not disabled.  *Id.* at 30, 31.

The Appeals Council denied Plaintiff's request for review.  Subsequently, Plaintiff initiated this civil action, for judicial review of Plaintiff's denied application for Social Security benefits.  According to Plaintiff, the ALJ erred by ignoring Plaintiff's purported limitations of use of her hands and feet and failing to adequately consider her mental limitations in the residual functional capacity determination.  Docket No. 16 at 8, 11, 13–21, 26.

After a review of the record below, the Magistrate Judge affirmed the denial of Plaintiff's application for Social Security benefits.  Docket No. 20 at 1. Specifically, the Magistrate Judge found that the ALJ applied the correct legal standard, and that substantial evidence supported the

determination that Plaintiff was not disabled.  Docket No. 20 at 31.  Plaintiff now objects only on the basis of the ALJ's failure to consider Plaintiff's purported hand limitations.  *See generally,* Docket No. 23.

## II.      LEGAL STANDARD

The Court reviews a magistrate judge's report and recommendation in light of any filed objections.  28 U.S.C. § 636(b)(1); *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018).  The portions of the report and recommendations objected to are reviewed *de novo* while the remainder is reviewed for clearly erroneous factual findings and legal conclusions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *Poe*, 2018 WL 4275839, at *2.  "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."  *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006).

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability.  20 C.F.R. § 404.1520 (2012); *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (noting the inquiry is terminated if at any step the claimant is determined to be or to not be disabled).

Relevant to the case at hand, at Step 5, when a claimant's disability does not correspond to a listed impairment, a claimant incapable of performing her past work is, nonetheless, not disabled if she has the residual functional capacity to engage in work available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v) (2012).  Thus, Step 5 requires determining the claimant's residual functional capacity and then ascertaining whether work exists for the claimant in light of her residual functional capacity.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  At Step 5,

the Commissioner bears the burden of proof to show that there is other gainful employment available in the national economy that the claimant can perform in light of her residual functional capacity determination. *Id*. This burden may be satisfied either by reference to the Medical–Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir.1987).

### III.     ANALYSIS

As explained above, Plaintiff raised two issues for review. Docket No. 16 at 1. As to Plaintiff's first issue, Plaintiff argued that the ALJ erred in finding Plaintiff able to perform medium work despite objective evidence of limitations of, amongst other things, Plaintiff's hands. Docket No. 16 at 4-5. Plaintiff asserted that the ALJ referred to medical records from her primary care provider, Gregory Richter, M.D., and from her orthopedist, Darius Mitchell, M.D., regarding the problems with her hands. *Id.* at 5, 8. But according to Plaintiff, the ALJ chose to ignore such evidence. *Id.* at 8. Plaintiff also asserted that the ALJ did not properly regard the vocational expert's testimony that limiting the corresponding hypothetical person to occasional use of both hands would eliminate all available work. *Id*. at 13–14. The Magistrate Judge was unpersuaded by such arguments and found that substantial evidence existed to support the ALJ's disability determination. Docket No. 20 at 26–27.

In her objections to the Magistrate Judge's report, Plaintiff relies on largely the same arguments originally presented, namely that the ALJ failed to properly assess Plaintiff's limitations due to evidence of sagittal band rupture, focusing on Dr. Mitchell's diagnosis and her referral to Dr. Wirges, an orthopedic hand surgeon. Docket No. 23 at 1–3. Again, relying on primarily her hearing testimony, Plaintiff states that she had suffered for two years with chronic pain and limitations in her right hand "before they found she had a ruptured tendon in her hand for which

she needs surgery, as well as carpal tunnel surgery." *Id*. Plaintiff also relies on the hypothetical question presented by her attorney at the hearing, wherein the vocational expert testified that occasional use of the hands would eliminate all available work. *Id*. at 4–5. According to Plaintiff, the "posing of the last hypothetical demonstrates that the [ALJ's] determination could have been different had the [ALJ] properly incorporated the limitations with Plaintiff's hands." *Id*. at 6.

Plaintiff's objections raise arguments fully considered and rejected by the Magistrate Judge. Docket No. 20. And a *de novo* review of the record and Plaintiff's objections indicates that Plaintiff's arguments are without merit.

Indeed, contrary to Plaintiff's arguments, the ALJ engaged in a detailed discussion of the evidence considered in determining Plaintiff's residual functional capacity. Docket 14-2 at 17–29. The ALJ first set forth in detail Plaintiff's hearing testimony regarding her symptoms. *Id.* at 18–19. The ALJ acknowledged Plaintiff's testimony regarding her torn ligament and carpal tunnel syndrome of her right hand, and pain and numbness in her left hand, which, according to Plaintiff, rendered her unable to perform her last job as a bookkeeper. *Id*. The ALJ noted that Plaintiff claimed "difficulty doing anything with her hands." *Id*. at 17. As set out by the Magistrate Judge, the ALJ, however, then made the following findings:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> With regard to her physical impairments, the relevant medical evidence of record, discussed and summarized below, provides only limited support for her testimony, and tends to suggest that the claimant's symptoms were not as severe, persistent or limiting as she has alleged during the relevant period between February 1, 2018, her alleged disability onset date, and March 31, 2020, her date last insured.

*Id*. at 19.

Specifically, the record shows that when Plaintiff complained to her orthopedist, Dr. Mitchell, of right-hand numbness, Dr. Mitchell assessed sagittal band rupture and referred Plaintiff to Richard Wirges, M.D., an orthopedic hand surgeon, for an evaluation without providing any functional limitation assessment.  Docket No. 20 at 26.  Plaintiff, however, did not contact Dr. Wirges for over one year.  *Id.*  The ALJ interpreted such information as suggesting Plaintiff did not regard the condition as causing significant or disabling functional limitations.  Docket No. 14-2 at 20–21; *see Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1303 (5th Cir. 1987).

Further, the evidence shows that examination findings at appointments in April, September and October of 2019 and March of 2020 were unremarkable for carpal tunnel-related limitations.  Docket No. 14-2 at 20–21.  The ALJ also noted that during Plaintiff's first visit with Dr. Wirges in June of 2020, Plaintiff reported that her right-hand symptoms had improved prior to recently reinjuring it.  Docket No. 14-2 at 21.  Even so, as noted by the Magistrate Judge, the ALJ included in the residual functional capacity assessment a limitation to frequent, rather than constant, handling.  Docket No. 14-2 at 16; *see* Docket No. 20 at 26-27.  But ultimately, the ALJ determined that evidence of mild pathology and a failure to seek treatment for roughly a year did not support Plaintiff's testimony concerning the intensity and persistence of her hand related symptomology.  Docket No. 14-2 at 15–21.

Plaintiff again avers that the ALJ failed to properly incorporate the testimony of the vocational expert as to certain posed hypotheticals.  Docket No. 23 at 5.  The ALJ, however, is not required to incorporate limitations from hypothetical questions posed to the vocational expert unsupported by the record.  *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988); *see also Sly v. Kijakazi*, Civil Action No. 3:21-CV-00208-TSL-RHWR, 2022 WL 2082318, at *4 (S.D. Miss.

May 24, 2022), *adopted in* 2022 WL 2079874 (S.D. Miss. June 9, 2022).  The ALJ, however, still accounted for hand limitations by including manipulative restrictions in the residual functional capacity assessment, specifically, limiting Plaintiff to frequent handling with her right hand. Docket No. 14-2 at 17, 25.  Based on this evidence, the Court finds that the ALJ did not ignore certain evidence concerning Plaintiff's hands as Plaintiff avers but rather considered them in detail albeit in context with other contra evidence.  Accordingly, substantial evidence exists to support the ALJ's findings regarding the severity of Plaintiff's hand limitations and the ALJ's final conclusion as to disability.

The Court has carefully conducted both a *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected and a review of the remainder of the report for clearly erroneous factual findings and legal conclusions. *See* 28 U.S.C. § 636(b)(1) (limiting District Judge to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made").  Upon such review, the Court has determined that the report of the Magistrate Judge is correct and Plaintiff's objections are without merit.  It is accordingly

**ORDERED** the report of the Magistrate Judge (Docket No. 20) is **ADOPTED** as the opinion of the District Court and that Plaintiff's objections are **OVERRULED**.  It is further

**ORDERED** that the above-entitled Social Security action be **AFFIRMED**.

**So ORDERED and SIGNED this 23rd day of September, 2022.**

                                                  ROBERT W. SCHROEDER III
                                                  UNITED STATES DISTRICT JUDGE